**Dorothy LaFORTUNE, Plaintiff**

v.

**CITY OF BIDDEFORD,**
**et al., Defendants**

**No. CIV.01–250–P–H.**

United States District Court,
D. Maine.

Dec. 18, 2002.

David A. Lourie, Law Office of David Lourie, Cape Elizabeth, ME, for Plaintiff.

Harry B. Center, II, Smith, Elliot, Smith & Garmey, P.A., Saco, ME, for Defendants.

**ORDER**

HORNBY, Chief Judge.

Dorothy LaFortune brought this lawsuit against the City of Biddeford and its Mayor to challenge the way they administered Biddeford's local public access cable television channel. According to her Third Amended Complaint, LaFortune had produced and broadcast a weekly show, The Maine Forum, but was subjected to unconstitutional restraints on future broadcasts because of one particular broadcast. On summary judgment motions, the magistrate judge's recommended decision partially favored LaFortune and partially favored the Biddeford defendants. Both sides objected to the recommended decision.

In a different lawsuit also involving Biddeford's public access cable television, I learned that after the recommended decision, Biddeford shut down its public access channel entirely, although allegedly temporarily. *Rhames v. City of Biddeford,* 204 F.Supp.2d 45 (D.Me.2002). Accordingly I issued an Order to Show Cause why I

should not dismiss the LaFortune lawsuit as moot, or at least stay further proceedings until Biddeford determined how it would administer the channel in the future. After receiving responses from the parties, I did not dismiss the case. Instead, I stayed all action and required the parties to report every 60 days on what Biddeford was doing. In August, Biddeford reported that it was actively considering the issue and would probably reach a City Council decision in September. In October, the City explained that the untimely death of the Public Access Director had delayed matters and that recommendations should be submitted to the City Council later that same month. During this period, I also learned that Biddeford had reopened the public access channel to broadcast meetings of the council, school committee and planning and zoning boards, but still allowed no access to private producers like LaFortune. Now in its December report, Biddeford has failed to give any explanation of further inaction, and agrees that a stay is no longer justified. However, it asks me to dismiss the case as moot. LaFortune, on the other hand, asks me to rule on the magistrate judge's recommended decision, sustaining her objections and overruling the Biddeford defendants' objections.

I conclude that I must dismiss the case as MOOT. LaFortune's complaint and her requests for injunctive relief all relate to the treatment she was receiving in the administrative process that existed when there was public access. Now that there is no such access, any relief I might grant concerning that defunct process would be meaningless.[1] (Unlike the still pending *Rhames* case, LaFortune's lawsuit has not challenged Biddeford's outright shutdown of public access cable.)

I do have a nagging concern whether Biddeford is dealing with this lawsuit in good faith. After repeated assurances to this court that its whole public access program was being rewritten, and after the interim reinstatement of public meeting broadcasting, Biddeford now seemingly takes the position that no further change is any longer in the offing. The most recently announced position leads me to the conclusion that this lawsuit is now moot. Perhaps what appears to be a change in position is merely a result of the difficulty of predicting how local political actors will behave. If it develops in the future that the current stance is only a tactical move, however, that development would certainly bear upon the credibility of the City's position in later iterations of the policy and on its defense to any request for attorney fees in future litigation, if there is any.

So ORDERED.

---

1. Indeed, one of her complaints—that she was banned from the channel for one year—is no longer pertinent. While the channel has been closed to all producers, the year penalty has expired.